**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Richard E. Heath,**
**Claimant Below, Petitioner**

**v.)**     **No. 24-171**  (JCN: 2016011244)
                  (ICA No. 23-ICA-339)

**Alliance Coal, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Richard E. Heath appeals the February 8, 2024, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Alliance Coal, LLC v. Heath*, No. 23-ICA-339, 2024 WL 1590596 (W. Va. Ct. App. Feb. 8, 2024) (memorandum decision). Respondent Alliance Coal, LLC filed a response.[1] The issue on appeal is whether the ICA erred in reversing the June 29, 2023, decision of the West Virginia Workers' Compensation Board of Review, which granted rehabilitation temporary total disability benefits ("rehabilitation TTD benefits") not to exceed 104 weeks due to a prior order, entered by the Board on July 13, 2022, granting rehabilitation TTD benefits for February 19, 2020, to March 16, 2021, "less any vocational rehabilitation [TTD] benefits the claimant was paid during this time period." In reversing the Board, the ICA found that the proviso set forth in West Virginia Code § 23-4-9(d), extending rehabilitation TTD benefits from fifty-two to 104 weeks, did not apply to the claimant's case.[2]

The claimant asserts that the employer has unclean hands in this case because it ignored the Board's prior decision granting rehabilitation TTD benefits for February 19, 2020, to March 16, 2021. The claimant argues that during the litigation, the employer had opportunities to raise the cap on rehabilitation TTD benefits set forth in West Virginia Code § 23-4-9(d) and to challenge whether the claimant was entitled to an extension of those benefits as authorized by § 23-4-9(d)'s proviso, but the employer failed to do so. The claimant argues it is now too late for the employer to relitigate the claimant's entitlement to rehabilitation TTD benefits for February 19, 2020, to March 16, 2021, due to the principles of finality, res judicata, and collateral estoppel. The employer

---

[1] The claimant is represented by counsel M. Jane Glauser, and the employer is represented by counsel James W. Heslep.

[2] By an order entered on April 26, 2024, this Court stayed the ICA's mandate "pending resolution of this appeal."

counters by arguing that West Virginia Code § 23-4-9(d) provides for fifty-two weeks of rehabilitation TTD benefits. West Virginia Code § 23-4-9(d)'s proviso provides for an extension of rehabilitation TTD benefits for up to 104 weeks if the claimant enters a retraining program. In the instant case, the claimant did not enter a retraining program because he qualified as an inspector for the Federal Emergency Management Agency and also started a for-profit business. Therefore, the employer argues that the ICA properly reversed the Board of Review as the claimant is subject to the fifty-two-week cap on rehabilitation TTD benefits pursuant to West Virginia Code § 23-4-9(d). In his reply, the claimant asserts that the employer fails to respond to his arguments regarding res judicata, collateral estoppel, and the unclean hands doctrine.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: February 11, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV